Reed, J.
The first and second of the supposed errors assigned may be disregarded. No serious error was committed by the court in omitting or rejecting evidence. It is true the evidence was allowed a wide range, but it seemed necessary for a full and proper understanding of the case. There was considerable conflict in the testimony, but the preponderance appears to have been clearly with appellees, and is corroborated by circumstances and former course of dealing. It is affirmatively alleged in the complaint that the sale to Leves was collusive, fraudulent, and made with the intention to defraud and injure appellant, but the evidence signally fails to sustain the allegation. “ It is equally a rule in courts of law and courts of equity that fraud is not to be presumed, but it must be established by proofs.” Coke, Book 10, 56; Story Eq. Juris. § 190. Circumstances of mere suspicion leading to certain results will not, in either of these courts, be deemed sufficient ground to establish fraud. Trenehard *100 v. Wanley, 2 P. Will. 126; Townsend v. Lowfield, 1 Ves. 35; Walker v. Symonds, 3 Swanst. 61. Courts of equity do not require positive proof of fraud. It may be inferred from dr established by inferences from facts and circumstances. In this case the conveyance to Leves, and by him to a-corporation, of which he and other of appellants were the sole incorporators and stockholders, might upon its face be looked upon as colorable, collusive and suspicious, but this was insufficient. Had the fact been shown that the property was conveyed for an inadequate price, far below its value, that fact in connection' with the colorable transfers would have gone far to establish fraud. Appellant failed to make such proof, while the evidence of appellees shows it was the utmost they could secure by strenuous efforts.
Whether or not appellant was cognizant of, and fully informed in regard to,'the substitution of the Leves notes having one and two years to run after the maturity of the other note in place of the balance remaining due on that, is a question upon which there is quite a conflict of testimony, but the testimony of appellees appears to be sustained not only by the former course of dealing, but by the written order of February 18, 1889, under which was written:— “Please release S. E. Browne, February 27th, 1889.” General Browne having been-at that time the attorney of appellant, and the date being that on which the substitution and release was made, the conviction is very strong that the matter was fully understood, and the allegation that the release was obtained from the trustee by the fraud of appellees is not sustained by the evidence, which would go far toward showing that if there was an error the trustee was misled by the request of counsel written under the order of appellant. . If the substitution was unwarranted, and worked a wrong by postponing the time of payment one and two years, it was cured by the judgment and decree of the court, requiring the balance due to be paid in ten days. We think the findings and decree of the court were warranted by the evidence and that the judgment should be affirmed.

Affirmed.